UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| PALM HARBOR ONE LLC, | ) | |
| | ) | Case No. 07-15169-JNF |
| | ) | |
| Debtor. | ) | |

DECLARATION OF PAUL D. MOORE IN SUPPORT OF
MOTION TO AUTHORIZE THE DEBTOR TO RETAIN DUANE MORRIS LLP
AS COUNSEL, *NUNC PRO TUNC* TO THE PETITION DATE

Pursuant to Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and MLBR 2014-1, Paul D. Moore hereby deposes and states as follows:

1. I am a member in good standing of the bars of the Commonwealth of Massachusetts, the United States District Court for the District of Massachusetts, the United States Court of Appeals for the First Circuit and the United States Supreme Court.

2. I am a partner of the law firm of Duane Morris LLP and am duly authorized to make this Declaration on behalf of Duane Morris LLP ("Duane Morris"). I make this Declaration in support of the Motion to Authorize the Debtor to Retain Duane Morris LLP as Counsel, *Nunc Pro Tunc* to the Petition Date (the "Motion"). Pursuant to the Motion, the Debtor seeks *nunc pro tunc* employment as of the petition date (the "Petition Date") in accordance with MLBR 2014-1(d), which provides that an application to employ a professional person may seek *nunc pro tunc* relief "if such application is filed within fourteen (14) days from the later of case commencement . . ." Because the Debtor has filed the Motion within fourteen (14) days of the Petition Date, *nunc pro tunc* employment is allowable in accordance with local rules.

DM3\523731.4

3.  The facts set forth in this Declaration are personally known to me or to members or employees of Duane Morris and, if called as a witness, I could and would testify to these facts on personal knowledge or upon information and belief. To the extent statements are made herein on information and belief, I believe them to true. Unless otherwise defined, all capitalized terms used herein have the meanings given to them in the Motion.

4.  On or about March 21, 2007, the Debtor first consulted Duane Morris relating to its rights and obligations with respect to a potential Chapter 11 bankruptcy filing, and all events leading up to the commencement of this case. Also prior to the Petition Date, the Debtor provided Duane Morris with certain payments on account of fees and expenses incurred prior to that date on account of advice relating to the preparation and filing of this Chapter 11 case. In particular, on June 7, 2007, Duane Morris applied the retainer to payment of $13,956.60 in fees and $4.40 in expenses incurred by Duane Morris through May 31, 2007 and on August 16, 2007, Duane Morris applied the retainer to an additional $17,642.40 in fees and $77.40 in expenses incurred by Duane Morris through August 14, 2007. Any fees and expenses incurred by Duane Morris prior to the Petition Date were on account of services provided in connection with the filing of the Debtor's Chapter 11 case, and are compensable. In re Four Star Terminals, Inc., 42 B.R. 419 (Bankr. D. Alaska 1984). Duane Morris had no prior relationship with the Debtor prior to its retention by the Debtor in connection with the commencement of this case.

5.  Neither I, nor Duane Morris, nor any partner or associate thereof, as far as I have been able to ascertain, has any connection with the Debtor, its creditors, the U.S. Trustee or any other party with an actual or potential interest in this Chapter 11 case or their respective attorneys or accountants.

6. Duane Morris does not represent, and has not represented, any entity other than the Debtor in matters related to this Chapter 11 case.

7. To check and clear potential conflicts of interest in this case, Duane Morris researched its client database to determine whether it had any relationships with the following entities (collectively, the "Interested Parties"): ) the Debtor; (b) the Debtor's principals; (c) the Debtor's secured creditors; and (d) the Debtor's largest unsecured creditors as identified in its Chapter 11 Petition. To the extent that Duane Morris' research of its relationships with the Interested Parties indicated that Duane Morris represented or currently represents any of these entities in matters unrelated to this Chapter 11 case, the identities of these entities are set forth on Exhibit A.

8. Duane Morris will continue to search its database to determine whether Duane Morris has any relationship with:

    (a) the attorneys and other professionals that the Debtor has identified for employment in this case; and

    (b) other significant parties in interest as they emerge throughout this case.

9. As far as I have been able to ascertain, neither I, nor Duane Morris, nor any partner or associate thereof holds or represents any interest adverse to the Debtor or its estate in the matters for which Duane Morris is proposed to be retained. Accordingly, I believe that Duane Morris is a "disinterested person," as defined in section 101(14) of the Bankruptcy Code.

10. Subject to the Court's approval, Duane Morris intends to (a) charge for its legal services on an hourly basis in accordance with its ordinary and customary hourly rates in effect on the date services are rendered and (b) seek reimbursement of actual and necessary out-of-

pocket expenses.[1] Duane Morris will maintain detailed, contemporaneous records of time and any actual and necessary expenses incurred in connection with the rendering of the legal services described in the Motion by category and nature of the services rendered.[2]

11. The proposed employment of Duane Morris is not prohibited by or improper under Bankruptcy Rule 5002. Duane Morris and the professionals it employs are qualified to represent the Debtor in the matters for which Duane Morris is proposed to be employed.

12. Duane Morris intends to apply to the Court for payment of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Massachusetts, and pursuant to any additional procedures that may be established by this Court in this case.

13. Neither I, nor Duane Morris, nor any partner or associate thereof has received or been promised any compensation for legal services rendered or to be rendered in any capacity in connection with the Debtor's chapter 11 case, other than as permitted by the Bankruptcy Code and as set forth in Exhibit A hereto. No agreement or understanding exists between Duane Morris and any entity for the sharing of compensation received or to be received in connection

---

[1] The hourly rates charged by Duane Morris professionals differ based on, among other things, the professional's level of experience and the rates customarily charged by professionals with similar background and experience who regularly practice in the location of the office in which the professional at issue is resident. These rates may change from time to time, usually in January 1 of each calendar year, in accordance with Duane Morris' established billing practices and procedures.

[2] The names, positions, resident offices and current hourly rates of the Duane Morris lawyers and paraprofessionals currently expected to have primary responsibility for providing services to the Debtor are listed on Schedule 1 attached hereto and incorporated herein by reference. Notwithstanding the foregoing, from time to time, other Duane Morris attorneys and paraprofessionals may render services to the Debtor.

with Duane Morris's representation of the Debtor, except among the partners of Duane Morris and Duane Morris LLC ("LLC"), an entity comprised of attorneys. LLC is an affiliate of Duane Morris established to conform to the technical requirements for the practice of law in the State of Illinois.

      14.    I have reviewed the provisions of MLBR 2016-1.

Dated: August 17, 2007                        /s/ Paul D. Moore
                                                                Paul D. Moore

## SCHEDULE 1

### HOURLY RATES OF DUANE MORRIS PROFESSIONALS

| Professional | Position | Office Location | Hourly Rate |
|---|---|---|---|
| Paul D. Moore | Partner | Boston | $600.00 |
| Jennifer L. Hertz | Associate | Boston | $405.00 |

DM3\523731.4

## EXHIBIT A

## RELATIONSHIPS OR CONNECTIONS
## WITH CREDITORS

Based upon a review of Duane Morris's computerized database with respect to () the Debtor; (b) the Debtor's principals; (c) the Debtor's secured creditors; and (d) the Debtor's largest unsecured creditors as identified in its Chapter 11 Petition, Duane Morris currently represents or has in the past represented the following entities in matters that are wholly unrelated to the Debtor or this bankruptcy case. Duane Morris has not, does not, and will not, represent any of the following entities in this bankruptcy case.

CURRENT REPRESENTATIONS

None.

DM3\523731.4

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| PALM HARBOR ONE LLC, | ) | |
| | ) | Case No. 07-15169 JNF |
| | ) | |
| Debtor. | ) | |

## DECLARATION RE: ELECTRONIC FILING

PART I – DECLARATION

I, Paul D. Moore, *hereby declare under penalty of perjury* that all of the information contained in the *Declaration of Paul D. Moore in Support of Motion to Authorize the Debtor to Retain Duane Morris LLP as Counsel, Nunc Pro Tunc to the Petition Date* (singly or jointly the "Document"), filed electronically, is true and correct. I understand that this DECLARATION is to be filed with the Clerk of the Court electronically concurrently with the electronic filing of the Document. I understand that failure to file this DECLARATION may cause the Document to be struck and any request contained or relying thereon to be denied, without further notice.

I further understand that pursuant to the Massachusetts Electronic File Local Rule (MEFLR)-7(a), all paper documents containing original signatures executed under the penalties of perjury and filed electronically with the Court are the property of the bankruptcy estate and shall be maintained by the authorized CM/ECF Registered User for a period of five (5) years after the closing of this case.

Dated: August 16, 2007

Signed: _____
Paul D. Moore

DM3\550126.1