UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | | |
|---|---|---|
| **In re** | ) | **Chapter 11** |
| | ) | |
| **PALM HARBOR ONE LLC,** | ) | |
| | ) | **Case No. 07-15169-JNF** |
| | ) | |
| **Debtor.** | ) | |

### ORDER AUTHORIZING *NUNC PRO TUNC* RETENTION AND EMPLOYMENT OF VERDOLINO & LOWEY, P.C. AS ACCOUNTANTS TO THE DEBTOR AND DEBTOR-IN-POSSESSION

Upon the motion (the "Motion") of Palm Harbor One LLC, as debtor and debtor-in possession herein (the "Debtor"), for the issuance and entry of an order, pursuant to section 327(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing and approving the retention and employment of Verdolino & Lowey, P.C. ("V&L"), *nunc pro tunc* to August 21, 2007; and this Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and upon the Signed Statement of Craig R. Jalbert, CIRA In Support of Application for Employment Pursuant to Bankruptcy Rule 2014(a) and Local Rule 2014-1 (the "Statement"), which was filed along with the Application; and this Court being satisfied that, except as set forth in the Statement, (i) V&L does not represent any interest adverse to the Debtor or its estate, (ii) V&L is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, and (iii) the retention and employment of V&L is necessary and in the best interests of the Debtor and its estate; and due notice of the Application having been provided; and it appearing that no other or further notice need be given; and no adverse interest being represented; and after due deliberation and sufficient cause appearing therefor,

DM3\558297.1

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. The Motion is granted and approved.

2. In accordance with section 327(a) of the Bankruptcy Code and Bankruptcy Rule 2014, the Debtor is authorized and empowered to employ V&L as accountants in its Chapter 11 case, all as set forth in the Motion and the Statement, *nunc pro tunc* to August 21, 2007.

3. V&L shall be compensated in accordance with the terms of the Motion and the Statement, as well as in such amounts as V&L may be allowed by this Court upon the filing of appropriate applications for allowance of interim or final compensation in accordance with the procedures set forth in Sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules and the rules and orders of this Court.

Dated: _____, 2007

_____
Joan N. Feeney
United States Bankruptcy Judge

DM3\558297.1