*[Signature: Joan N. Feeney]*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| In re: PALM HARBOR ONE, LLC, <br><br> Debtor. | Chapter 11 <br> Case No. 07-15169-JNF |

**APPLICATION FOR ORDER APPROVING RETENTION OF FOLEY HOAG LLP AS COUNSEL TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

Pursuant to Section 1103 of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure, and MLBR 2014-1, the Official Committee of Unsecured Creditors (the "Committee") in the Chapter 11 case of the above-captioned debtor ("Palm Harbor" or the "Debtor") hereby requests that this Court authorize the employment of Foley Hoag LLP ("Foley Hoag" or the "Firm") as the Committee's counsel retroactive to October 10, 2007. In support hereof, the Committee states as follows:

1. On August 16, 2007, the Debtor filed its petition for relief under Chapter 11 of 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"). The Debtor continues to operate its business and to manage its property as a debtor-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

2. The United States Trustee, acting pursuant to Section 1102 of the Bankruptcy Code, formally appointed the Committee on September 25, 2007. *See* Exhibit A. Michael Sawah of West Bay Enterprise, Inc., is Chair of the Committee.

3. On October 10, 2007, the Committee engaged Foley Hoag to serve as counsel to the Committee and to perform all of the services necessary and desirable for the

conduct of the above-captioned Chapter 11 case on behalf of the Committee. Foley Hoag began rendering services to the Committee on October 10, 2007.

4.  If the Committee is to properly perform the functions and duties vested in it by the provisions of the Bankruptcy Code, it is essential that it have the expertise and advice of experienced counsel.

5.  It is contemplated that Foley Hoag will render general bankruptcy services to the Committee as needed throughout the course of this Chapter 11 case. In particular, it is anticipated that Foley Hoag will render the following legal services:

- representing the Committee at all hearings and matters pertaining to the Debtor and its affairs;

- attending meetings and negotiating with representatives of the Debtor and other parties-in-interest, as well as responding to creditor inquiries;

- taking all necessary action to protect and preserve the Debtor's bankruptcy estate for the benefit of unsecured creditors;

- analyzing any asserted secured claims and, if necessary, commencing litigation against holders of alleged secured claims;

- preparing on behalf of the Committee all necessary and appropriate motions, applications, answers, orders, reports and papers necessary to the administration of the Debtor's bankruptcy estate;

- reviewing applications and motions filed by other parties in-interest in connection with this case, and advising the Committee with respect to the Committee's interests therein;

- negotiating with the Debtor, or proposing on the Committee's behalf, a plan of reorganization and disclosure statement, participating in the preparation of related agreements and/or documents, and taking necessary actions on behalf of the Committee to obtain confirmation of a plan;

- advising and representing the Committee in connection with any potential sale or abandonment of any of the Debtor's assets or businesses;

- reviewing and evaluating the Debtor's executory contracts and unexpired leases, and representing the Committee in connection with the rejection, assumption and/or assignment of such contracts and leases;

- representing the Committee in connection with any adversary proceedings or automatic stay litigation which may be commenced by or against the Debtor;

- 2 -

- reviewing and analyzing various claims of the Debtor's creditors and the treatment of such claims, and, to the extent necessary, prosecuting objections thereto; and

- performing all other necessary legal services and providing all other necessary legal advice to the Committee in connection with this Chapter 11 case.

6. It is the carefully considered view of the Committee that representation of the Committee by counsel is necessary and advisable. The Committee has selected the firm of Foley Hoag because of its experience and knowledge in bankruptcy law and procedure, as well as its ability to render a wide range of services involving other areas of law to the extent necessary. Based upon its investigation, the Committee believes that Foley Hoag is fully qualified to render the services described above in this case.

7. Foley Hoag has indicated its willingness to serve at the pleasure of the Committee as its counsel herein, to follow the directions of the Committee regarding the scope of the firm's activities on its behalf, and to receive compensation for professional services rendered and expenses incurred in accordance with the provisions of Sections 328, 330 and 331 of the Bankruptcy Code, Fed. R. Bankr. P. 2016 and MLBR 2016-1.

8. The Committee is aware that, at times in the past and at present, in matters unrelated to these Chapter 11 cases, Foley Hoag has represented and continues to represent certain persons or entities who are or may become parties in interest in these Chapter 11 cases, as well as interests adverse to such persons or entities. The Committee does not object to Foley Hoag's representation, in matters unrelated to these Chapter 11 cases, of creditors, vendors, customers and other persons or entities that have done or may do business with the Debtor.

9. To the best of the Committee's knowledge, information and belief, except as stated in the annexed affidavit of Kenneth S. Leonetti, the members and associates of Foley Hoag have no connection with the Debtor, its creditors or any other party in interest, and

- 3 -

represent no other entity having an adverse interest to the Debtor or the Committee in connection with this case.

10. Based upon the foregoing, the Committee submits that the retention of Foley Hoag would be in the best interests of the estate and creditors herein.

11. No previous application for the relief requested herein has been made to this or any other Court.

12. Notice of this Motion has been served by CM/ECF Electronic Notice upon counsel for the Debtor and the Office of the United States Trustee, and by first class mail upon those parties appearing on the list of the twenty largest unsecured creditors, the United States Attorney for the District of Massachusetts, the Office of the Attorney General of the Commonwealth of Massachusetts, the Internal Revenue Service and the Massachusetts Department of Revenue, the Commonwealth of Massachusetts Division of Employment and Training, and any other party that has filed a notice of appearance herein as of October 24, 2007. Given the nature of the relief requested herein, the Committee submits that no further notice is necessary.

## Retroactive Application

13. The Committee seeks authority to employ and retain Foley Hoag as its counsel retroactive to October 10, 2007 pursuant to MLBR 2014-1(d).

14. During the period following the Committee vote to retain the Firm, Foley Hoag began the process of getting involved in this case. Attorneys at Foley Hoag had two meetings with the Committee, a number of calls with Debtor's counsel and the attorneys for the allegedly secured creditors, and began to collect and analyze the Debtor's motions, schedules and

-4-

statements. This was all done in reliance on eventually getting retained as counsel to the Committee.

WHEREFORE, the Committee respectfully requests that the Court enter an Order (a) authorizing the Committee to employ and retain the law firm of Foley Hoag as its counsel retroactive to October 10, 2007, on the terms and conditions set forth above, to perform the legal services recited herein; (b) authorizing Foley Hoag to file interim and final applications for payment of its fees and expenses incurred in connection with its representation of the Committee in this Chapter 11 case; and (c) granting such other and further relief as is just and proper in the circumstances.

Dated: October 24, 2007

THE OFFICIAL UNSECURED CREDITORS
COMMITTEE OF PALM HARBOR ONE LLC

By: Michael Sawah
West Bay Enterprise, Inc.
Committee Chair

B3417632.1

**EXHIBIT A**

**U.S. Trustee's Notice Of Appointment Of Committee**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

In Re:

Palm Harbor One, LLC

Debtor

Chapter 11
Bankruptcy No. 07-15169 - JNF

## APPOINTMENT OF AN OFFICIAL COMMITTEE
## OF UNSECURED CREDITORS

Pursuant to 28 U.S.C. §586(a)(3), 11 U.S.C. § 1102 and Fed. R. Bankr. P. 2007, the United States Trustee appoints the following holders of unsecured claims to the Official Committee of Unsecured Creditors in the above-referenced case:

1.* West Bay Enterprise, Inc.
9230 Hidden Water Cir.
Riverview, FL 33578
Representative: Michael Sawah
27131 Winged Elm Drive
Wesley Chapel, FL 33544
Tel: 813-610-7332
Fax: 813-626-5661
E-mail: msawah@hotmail.com

2. At Your Service Lawn Care Corp.
P.O. Box 15355
Clearwater, FL 33766-5355
Representative: Stephanie Schmoor
Tel: 727-804-0555
Fax: 727-938-5315

3. Fusion Creative, Inc.
12180 28th Street North
St. Petersburg, FL 33716
Representative: Glenn Miller
Tel: 727-571-1225
Fax: 727-571-3144

4. Contractor Cabinet Sales, Inc.
   3 Barnsley Road
   Lynnfield, MA 01940
   Representative: David Calvani
   Tel: 781-953-8084
   Fax: 781-334-3903

5. Vanguard Painting, Inc.
   4246 Crestwood
   New Port Richey, FL 34653
   Representative: Dawn White
   Tel: 727-243-3885
   Fax: 866-627-8803
   E-mail: vanguardpainting@tampabay.rr.com

\* Temporary Chairperson

Respectfully submitted,
Phoebe Morse
United States Trustee

By: s/s Paula R. C. Bachtell
Paula R. C. Bachtell
Office of the U. S. Trustee
Department of Justice
T.P. O'Neill Fed. Bldg.
Room 1184
10 Causeway Street
Boston, MA 02222
(617) 788-0406

Dated: September 25, 2007